IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY MARSHALL,                              Case No. 3:14-cv-00650-AA
                                                      OPINION AND ORDER
         Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

         Defendant.
_____

H. Peter Evans
Law Office of H. Peter Evans
610 S.W. Broadway, Suite 405
Portland, Oregon 97205
    Attorney for plaintiff

Billy Williams
Ronald K. Silver
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Nancy A. Mishalanie
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Jeffrey Marshall brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Title II disability insurance benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

This case has a long procedural history. Plaintiff filed an application for DIB on April 15, 2003. Tr. 74. His application was denied initially and upon reconsideration. Id. After a hearing, the Administrative Law Judge ("ALJ") issued a decision on September 29, 2006, finding plaintiff not disabled within the meaning of the Act. Tr. 74-82. Plaintiff did not seek review of that decision.

On June 7, 2010, plaintiff filed a new application for DIB. Tr. 178-84. After the application was denied initially and upon reconsideration, plaintiff timely requested a hearing before an ALJ. Tr. 88-94, 95-101, 115-16. On February 23 and June 5, 2012, administrative hearings were held, wherein plaintiff was represented by counsel and testified, as did a vocational expert. Tr. 29-43, 44-59. On July 19, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 15-21. The Appeals Council granted plaintiff's request for review and affirmed the ALJ's finding. Tr. 3-5. Thereafter, plaintiff filed a complaint in this Court.

Page 2 - OPINION AND ORDER

## STATEMENT OF FACTS

Born on December 3, 1957, plaintiff was 48 years old on the amended alleged onset date of disability and 54 years old at the time of the second and third hearings. Tr. 48. Plaintiff graduated from high school and attended two years of college. Tr. 81, 272. He worked previously as an excavator and owned his own business. Tr. 48, 50. Plaintiff initially asserted disability as of April 1, 2003; however, he amended the onset date to September 30, 2006, to coincide with the previously-adjudicated period. Tr. 47-48. Plaintiff alleges disability due to numbness in his hands and legs, gout, diabetes, and neck, back, shoulder, and knee pain. Tr. 34-35, 271.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant

can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## ADMINISTRATIVE FINDINGS

At step one of the five-step sequential evaluation process outlined above, the ALJ found that plaintiff had engaged in substantial gainful activity subsequent to the Commissioner's previous final decision. Tr. 20-21. Accordingly, the ALJ found plaintiff not disabled under the Act. Tr. 21.

The Appeals Council disagreed with the ALJ's step one determination, explaining that the ALJ incorrectly relied on plaintiff's gross income, rather than applying the three tests for self-employed individuals. Tr. 5. Nevertheless, the Appeals Council determined that plaintiff did not present sufficient evidence of changed circumstances to rebut the presumption of continuing nondisability. Id. Therefore, the Appeals Council concluded that plaintiff was not disabled within the meaning of the Act before his date last insured of September 30, 2007. Id.

## DISCUSSION

This case hinges on whether res judicata applies to bar review of plaintiff's DIB claim. The Act "grants to district courts

Page 5 - OPINION AND ORDER

jurisdiction to review only 'final decisions' of the Commissioner." Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(h). Thus, res judicata applies to bar reconsideration of prior claims where the Commissioner has previously made a final decision premised "on the same facts and on the same issue or issues." 20 C.F.R. § 404.957(c)(1). Nonetheless, "where it has been found that new and material evidence exists in the present record," the claimant may "be entitled to a favorable finding on an issue previously decided against him." SSR 68-12a, available at 1968 WL 3926. Similarly, a prior claim may be reopened within a certain time frame or the presumption of continuing nondisability may be overcome based on changed circumstances, which can include the existence of new and material evidence evincing that the claimant's condition has worsened. See SSR 97-4, available at 1997 WL 740404 (interpreting Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988)); see also Fair v. Bowen, 885 F.2d 597, 600 (9th Cir. 1989) (citing Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986)).

Initially, plaintiff's brief does not address or otherwise acknowledge the Appeals Council's finding of continuing nondisability; rather, he argues that the Commissioner erred in formulating his residual functional capacity, rejecting his subjective symptom testimony, and at step two. Pl.'s Opening Br. 5-11. The Commissioner explicitly raised this shortcoming in its response brief, however plaintiff declined to file a reply. See Bojorquez v. Wells Fargo Bank, NA, 2013 WL 6055258, *5 (D.Or. Nov.

Page 6 - OPINION AND ORDER

7, 2013) ("[i]f a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded") (citation and internal quotations and brackets omitted).

Regardless, the ALJ's 2006 decision became administratively final and binding when plaintiff failed to file an appeal. Tr. 74-82. Plaintiff asserts the same physical impairments in the case at bar as he did in his prior claim. Tr. 78-79, 178, 271, 319, 327, 390. As such, plaintiff is ineligible for disability benefits unless he presents new and material evidence of changed circumstances.

Plaintiff contends on appeal that his preexisting conditions worsened after the ALJ's 2006 decision. Pl.'s Opening Br. 3. The record before the Court is to the contrary. In filing his current application, plaintiff reported to the Social Security Administration "that nothing had changed since the last time he filed except that he has seen one new Dr." Tr. 269. The medical records from on or around the relevant time period reflect plaintiff's complaints of ongoing back and knee pain, and gout; however, there is no indication that these conditions have worsened.[1] Compare Tr. 319, 327, 390, with Tr. 349, 400, 402. Finally, plaintiff did not obtain a diagnosis for any discrete, previously unevaluated condition until well after the date last

---

[1] The record evinces that plaintiff contacted his doctor on three occasions between September 30, 2006, and September 30, 2007; once, for a physical exam and, twice, to obtain prescription refills. Tr. 319, 327.

Page 7 - OPINION AND ORDER

insured. Tr. 391, 403.

In sum, plaintiff failed to present any evidence of changed circumstances prior to September 30, 2007. Therefore, plaintiff has not rebutted the presumption of continuing nondisability and res judicata applies.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 10th day of June 2015.

_____
Ann Aiken
United States District Judge

Page 8 - OPINION AND ORDER